## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID KOLSTAD,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO. A-20-CV-752-RP** |
| | § | |
| **DURHAM TRANSPORT EXPRESS,** | § | |
| **LLC AND RICKY RAY BLOUNT,** | § | |
| | § | |
| *Defendants* | § | |

# O R D E R

Before the Court are Plaintiff's Motion to Compel and Request for Protective Order, filed October 19, 2020 (Dkt. 11), and Defendants' Response, filed November 6, 2020 (Dkt. 14). On November 9, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.    Background

Plaintiff David Kolstad alleges that he was driving his pickup truck pulling a trailer on Interstate Highway 35 in Travis County, Texas, on January 7, 2019, when he was struck from behind by a commercial tractor-trailer operated by Ricky Ray Blount. Plaintiff alleges that Blount was operating the vehicle in the course and scope of his employment with Durham Transport Express, LLC ("Durham") at the time of the collision.[1] Plaintiff alleges that he "suffered severe

---

[1] Plaintiff's state court petition incorrectly referred to Durham Transport Express, LLC as "Durham Transport LLC." Dkt. 1-5. Plaintiff's "Original Complaint After Removal by Defendants" names the correct corporate defendant. *See* Dkt. 6.

bodily injuries to his head, neck, back, and other parts of his body generally and, as a result, he suffered shock to his entire nervous system." Dkt. 1-5 ¶ 11.

Plaintiff filed this negligence lawsuit in state court against Durham and Blount ("Defendants") on June 15, 2020. *Kolstad v. Durham Transport*, No. D-1-GN-20-003159 (126th Dist. Ct., Travis County, Tex. June 15, 2020). Plaintiff alleges negligence, negligence per se, gross negligence, and *respondeat superior*, and seeks to recover over $1 million in damages for past and future medical expenses, lost wages, loss of earning capacity, physical pain and suffering, physical impairment, and physical disfigurement. On July 16, 2020, Defendants removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1.

Defendants have requested copies of Plaintiff's health care records under Federal Rule of Civil Procedure 26(a). Plaintiff, however, refuses to provide Defendants with those records unless Defendants sign a Proposed Protective Order protecting those medical records from disclosure "in any other litigation than the subject litigation." Dkt. 11 at 2.

Defendants contend that Plaintiff filed this Motion simply "to frustrate Defendants' efforts to investigate Plaintiff's claims and medical history." Dkt. 14 at 2. Defendants argue that the Proposed Protective Order should be denied because they have a right to discovery of Plaintiff's medical records under the litigation exception to the patient-physician privilege. Defendants further argue that

> Plaintiff's Confidentiality and Protective Order goes beyond the protections of [the Health Insurance Portability and Accountability Act ("HIPAA")] when it requests that information the Plaintiff will likely offer as evidence in open court not be disclosed in the public record and remain in full force after the entry of final judgment.

*Id.* at 4.

## II.    Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits:

> discovery regarding any nonprivileged matter that is relevant to any
> party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery
> in resolving the issues, and whether the burden or expenses of the
> proposed discovery outweighs its likely benefit.

Under Rule 26(c)(1), a party from whom discovery is sought may move for a protective order. The

motion must include a certification that the movant has conferred, or attempted to confer, in good

faith with the other party in an effort to resolve the dispute without court action.[2] "The court may,

for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense . . . ." *Id.*

"The movant bears the burden of showing that a protective order is necessary, which

contemplates a particular and specific demonstration of fact as distinguished from stereotyped and

conclusory statements." *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690,

698 (5th Cir. 2017). The Court has broad discretion in determining whether to grant a motion for

protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## III.    Analysis

Plaintiff's Proposed Protective Order provides, in relevant part, the following:

> Any and all medical records, billing records and testimony by
> deposition or otherwise of Plaintiff, Plaintiff's Healthcare Providers
> or any other testimony pertaining to Plaintiff's protected healthcare
> information shall be confidential and protected under this order.

\*\*\*

---

[2] Plaintiff fails to comply with the requirements of Rule 26(c)(1) and Local Rule CV-7(i) that the Motion
contain a certificate of conference. The Court could deny the Motion on this basis alone. Any future non-
dispositive motions filed by Plaintiff that do not comply with Local Rule CV-7(i) will be denied.

> Any Confidential Information shall be used only in connection with the prosecution and defense of this litigation . . . .
>
> ***
>
> The Parties shall use reasonable care not to disclose Confidential Information in the public record regarding this proceeding.
>
> ***
>
> After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the dissemination, discussion or disclosure of Confidential Information shall continue to be binding. It is stipulated and agreed that the Court shall retain jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following termination of this litigation.
>
> All such protected information shall be returned to Plaintiff at the conclusion of this litigation or destroyed. Defendants will provide written confirmation of such at conclusion of this litigation.

Exh. A to Dkt. 11 ¶¶ 3-8.

In support of his Motion, Plaintiff argues that this broad Proposed Protective Order is needed to protect "Plaintiff's medical records from disclosure in any other litigation other than the subject litigation." Dkt. 11 at 2. Plaintiff contends that "[j]ust because" he filed this lawsuit, it "does not mean that plaintiff automatically waives their right to privacy concerning their medical records." Dkt. 11 at 2. Plaintiff's one-sentence argument fails to demonstrate good cause to grant such a broad protective order. *See McCallum v. Camping World, Inc.*, No. SA-19-CV-01021-OLG, 2020 WL 4558310, at *2 (W.D. Tex. Feb. 12, 2020) (denying motion for broad protective order sought by Plaintiff's counsel).

In addition, Plaintiff's Motion ignores the "litigation exception" to the physician-patient privilege, which applies when "any party relies on the patient's physical, mental, or emotional condition as part of the party's claim or defense and the communication or record is relevant to that condition." Tex. R. Evid. 509(e)(4); *see also* Tex. Occ. Code Ann. § 159.003(a)(4) (listing

exception "in a civil action or administrative proceeding, if relevant, brought by the patient or a person on the patient's behalf, if the patient or person is attempting to recover monetary damages for a physical or mental condition including the patient's death"). Plaintiff put his medical condition at issue when he filed this personal injury suit seeking damages for past and future medical treatment, past and future pain and suffering, past and future mental anguish, physical disfigurement, past and future impairment, lost wages, and loss of past and future earning capacity. The litigation exception applies, and Plaintiff has waived his right to protect his medical records. *See Geraci v. Doe*, No. 1:20-CV-113-RP, 2020 WL 5899114, at *3 (W.D. Tex. Oct. 5, 2020) (holding that plaintiff waived right to protect her medical records from disclosure when she filed her personal injury lawsuit).

Plaintiff also ignores the well-established principle that "the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. In light of the public's right to access judicial records, "a court must use caution in exercising its discretion to place records under seal" and "its decision must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (cleaned up).

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Compel and request to enter the sweeping Proposed Protective Order attached to Plaintiff's Motion (Dkt. 11). Defendants, however, have indicated that they have no objection to entering into a protective order more narrowly tailored to HIPAA regulations. Accordingly, counsel for the parties should confer and enter into a mutually agreeable protective order.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on November 17, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE