UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DAVID KOLSTAD,** § <br> § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> **DURHAM TRANSPORT EXPRESS,** § <br> **LLC and RICKY RAY BLOUNT,** § <br> § <br> *Defendants* § | Case No. 1:20-CV-00752-RP |

**O R D E R**

Before the Court is Defendants Durham Transport Express, LLC, Incorrectly Named Durham Transport LLC and Ricky Ray Blount's Motion to Quash and Motion for Protective Order, filed March 15, 2022 (Dkt. 41). On March 16, 2022, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended June 24, 2021 ("Local Rules").

Defendants seek an order quashing Plaintiff's Notice of Intention to Take Deposition by Written Questions of T-Mobile, USA, Inc. regarding Blount's cell phone use around the time of the collision that is the subject of this litigation, along with cell tower location records. Dkt. 41 ¶ 1. Defendants also ask the Court to enter a protective order preventing the deposition. *Id.* ¶ 8.

Local Rule CV-7(g) (previously CV-7(i)) provides in part that:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made.

Defendants neither include a certificate of conference nor state in their Motion that they have conferred with Plaintiff in a good-faith attempt to resolve this dispute without court intervention.

Thus, they have failed to comply with Local Rule CV-7(g), and their Motion is denied on that basis.

Defendants should be well aware of the conference requirement. In the Court's Order dated November 17, 2020, after Plaintiff similarly failed to confer before filing a discovery motion, the Court informed Plaintiff that any future nondispositive motion he filed that did not comply with the relevant rules would be denied. Dkt. 17 at 3 n.2. Obviously, the conference requirement applies equally to all parties.

The parties are urged to comply with the Federal Rules of Civil Procedure and the Local Rules and admonished of their obligation to attempt to resolve issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Continued failure to confer in good faith before seeking relief may result in sanctions. *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-20-cv-00551-OLG, 2020 WL 10758049, at *3 (W.D. Tex. Dec. 9, 2020).

Accordingly, Defendants Durham Transport Express, LLC, Incorrectly Named Durham Transport LLC, and Ricky Ray Blount's Motion to Quash and Motion for Protective Order (Dkt. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on March 17, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE